IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YOUNG SOOK PAK and IN SUK PAK t/d/b/a PAK'S FOOD MARKET and BIG MOUNT LAUNDROMAT and JOE'S GROCERY STORE,** : : : : : : | **CIVIL NO. 1:08-CV-0824** |
| **Plaintiffs** : : | |
| v. : : | **Judge Sylvia H. Rambo** |
| **ALEA LONDON LIMITED and SIRIUS INTERNATIONAL INSURANCE CORP.,** : : : : | |
| **Defendants** : | |

# **M E M O R A N D U M**

The relevant facts and background of this case can be found in the court's July 30, 2009 memorandum and order denying Defendants' motion for summary judgment. (Doc. 23.) Before the court are Defendants' motions in limine to (1) preclude expert testimony concerning the knowledge of lay persons, (Doc. 28), and (2) to preclude Plaintiffs' evidence of replacement stock damage, (Doc. 29). These motions are ripe for disposition. For the reasons that follow, both motions will be denied.

**I.       Motion to preclude expert testimony concerning the knowledge of lay persons**

On April 8, 2006, the rear wall of Joe's Grocery store collapsed. One of the disputed issues in this case is whether Plaintiffs had knowledge of the decay to the wall prior to the collapse; and specifically, whether the decay to the exterior of the collapsed wall was visible to Plaintiffs prior to the collapse. Defendants have obtained an expert, Kelly D. Huff, P.E., who opined in her expert report that the decay was visible to Plaintiffs prior to the collapse. In rebuttal, Plaintiffs retained an expert who opined that "evidence of a pending collapse could not be readily ascertained by a layperson viewing the subject wall." (Doc. 28 at 13 of 15.)

In their motion, Defendants assert that Plaintiffs expert should be precluded from offering this opinion because an expert has "no special or peculiar training which afford the expert additional insight into what a layperson may or may not be able to ascertain." (Doc. 28 at 7 of 15.) In response, Plaintiffs contend that their expert merely seeks to rebut the conclusions of Defendants' expert. One of the hotly contested issues in this case is whether what was visible to the Paks was indicative of a pending wall collapse such that they should have performed preventative maintenance. Defendants' expert says that the decay was visible and that the Paks should have known that it required their attention. In contrast, Plaintiffs' expert report supports Plaintiffs' conclusion that even if Plaintiffs had seen the deterioration it would not have led them to conclude that the wall was in imminent danger of collapse. These are two competing views, and the jury should hear from both parties' experts to aid its decision making. Because the court concludes that Plaintiffs' expert opinion would be helpful to the jury in determining whether the decay was indicative of imminent collapse—a material issue in this

case—the court will deny Defendants' motion and will permit Plaintiffs' expert to offer his opinion that evidence of the pending collapse could not be readily ascertained by a layperson viewing the wall prior to the collapse.

**II.** **Motion to preclude evidence of replacement stock damages**

Defendants also argue that Plaintiffs should be precluded from introducing any evidence at trial of replacement stock damages because they have failed to prove these damages as required by the Federal Rules of Evidence "as they have only provided evidence of stock purchased a[t] the reopening of their business, months after the wall collapse." (Doc. 29, ¶ 7.) The gist of Defendants' argument is that Plaintiffs have failed to demonstrate evidence of replacement stock damages from which a jury could assess damages with a reasonable certainty, and that any damage award by the jury as to replacement stock would be speculative.

In response, Plaintiffs argue that they submitted numerous invoices—totaling $30,438.11—to Defendants in discovery, and well before Plaintiffs' depositions, for the damages that they allege are attributable to replacement stock. They have attached those invoices to their brief in opposition to Defendants' motion, along with a summary prepared from those invoices. (*See* Docs. 34-39.) The court's review of these invoices and the summary prepared by Plaintiffs shows that the Paks have offered specific, itemized statements evidencing the payments that they made to vendors to replace their stock. These invoices could be used by a jury to craft a reasonable damage award. Defendants' main contention appears to be that these damages do not accurately reflect the amount of stock replacement attributable to the wall's collapse or the store's closure and, are

therefore, not compensable under the policy. This may be true, and it certainly seems like an appropriate topic for cross examination and argument, but the evidence supplied by Plaintiffs certainly meets the minimum threshold for submission to the jury. Accordingly, the court will deny Defendants' motion to preclude evidence of replacement stock damage.

**III.     Conclusion**

For the reasons set forth above, the court will deny Defendants' motions *in limine*. The court will issue an appropriate order.


                                                        s/Sylvia H. Rambo
                                                        United States District Judge

Dated: December 2, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**YOUNG SOOK PAK and**
**IN SUK PAK t/d/b/a PAK'S FOOD**
**MARKET and BIG MOUNT**     **CIVIL NO. 1:08-CV-0824**
**LAUNDROMAT and JOE'S**
**GROCERY STORE,**

    **Plaintiffs**

    v.      **Judge Sylvia H. Rambo**

**ALEA LONDON LIMITED and**
**SIRIUS INTERNATIONAL**
**INSURANCE CORP.,**

    **Defendants**

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

(1) Defendants' motion *in limine* to preclude expert testimony concerning the knowledge of lay persons, (Doc. 28), is **DENIED**; and,

(2) Defendants' motion *in limine* to preclude evidence of replacement stock damage, (Doc. 29), is **DENIED**.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: December 2, 2009.